UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,

v.

CASE NO. 2:19-CV-11683
HON. GEORGE CARAM STEEH

GATEWAY FOUNDATION, et al.,

    Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### **I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Michael Mohammed Salami ("plaintiff") has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, the plaintiff asserts that his rights under the Establishment Clause, the First Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq., are being violated by policies/requirements that he participate in faith-based programs, such as Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA"), in order to be eligible for parole. He also seems to assert that false reports have been used against him with respect to such programs and his parole eligibility. The plaintiff names Gateway Foundation, Inc., Michigan Department of Corrections

("MDOC") parole agents Rogers and Hunt, Gateway social workers Gwendolyn Warren, Webster, Myriecks, and Danielle, MDOC employees Sarah Valade, Heather Stevens, and Diane Freshcorn, and Michigan Parole Board members Michael Eagen and Anthony King as the defendants in this action. He sues the defendants in their individual capacities and seeks monetary damages, as well as declaratory and injunctive relief.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v.

Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d

356, 364 (6th Cir. 2009).

In this case, the plaintiff's claims against defendants Heather Stevens and Diane Freshcorn must be dismissed because he fails to allege any facts demonstrating the personal involvement of those two defendants in the claimed instances of improper conduct giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. See Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009) (same); see also Taylor v. Michigan Dept. of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). The plaintiff has not done so with respect to defendants Stevens and Freshcorn. In fact, he makes no factual allegations whatsoever against those defendants. Conclusory assertions are insufficient to state a civil rights claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009).

### III. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendants Stevens and Freshcorn. Accordingly, the Court **DISMISSES** those defendants from this action. The Court further concludes that the claims against the remaining defendants are not subject to summary dismissal at this time. While the plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: September 18, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 18, 2019, by electronic and/or ordinary mail and also on Michael Mohammed Salami, #879045, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk