UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

      Plaintiff,                            Case. No. 19-11683

v.                                          District Judge George Caram Steeh
                                              Magistrate Judge R. Steven Whalen

GATEWAY FOUNDATION, INC.,
ET AL.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      On June 6, 2019, Plaintiff, a Michigan Department of Corrections ("MDOC") prisoner currently housed at the Carson City Correctional Facility in Carson City, Michigan filed this civil rights action under 42 U.S.C. §1983. To the best that can discerned, Plaintiff alleges that during the time that she was paroled, Defendant Gateway Foundation, Inc. and affiliated individuals ("Gateway Defendants") violated her First Amendment rights by making her eligibility for continued parole contingent on her attending Alcoholics Anonymous ("AA") meetings.[1] ECF No. 18. Plaintiff appears to allege, in effect, that her mandatory attendance at the "Christian based" meetings violated her rights under the Establishment Clause of the

---

[1] Plaintiff states in another ongoing lawsuit that she has gender dysphoria and identifies as female. *Salami v. Trombley,* 19-11558. The Court therefore uses the pronouns "she" and "her" when referring to Plaintiff.

First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et.seq*. She also alleges that prison officials during her subsequent reincarceration violated her First Amendment and RLUIPA rights.

Currently before the Court are Plaintiff's September 20 and October 7, 2019 motions for preliminary injunction ]ECF No. 24, 30] which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed below, I recommend that these present motions [ECF No. 24, 30] be DENIED WITHOUT PREJUDICE.

## I. LEGAL PRINCIPLES RE: INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir.2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc ). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a

finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000); *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## II.  ANALYSIS

In Plaintiff's September 24, 2019 motion for preliminary injunction, she alleges first that her action has a strong likelihood of success, she will suffer irreparable harm, and that her attempts to procure non-religious-based treatment serves the public interest. ECF No. 24, PageID.63. As to irreparable harm, she alleges that she has been subject to verbal abuse, assaulted by individual prisoners affiliated with Defendants, and threatened by staff that she would be "ruin[ed]" if she pursued her lawsuit. *Id.* at 63. She asks that Defendants be

enjoined from violating the law; "misusing funds payed [for] by public;" and be compelled to "actually help drug addicts and mentally ill inmates." *Id.* Plaintiff makes overlapping claims in her second motion for preliminary injunction, requesting that Defendants be enjoined from forced participation in religious-based counseling and from retaliating against prisoners asserting their First Amendment rights to access the Courts. ECF No. 30.

"The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Larson v Valente*, 72 L Ed 2d 33; 456 US 228, 244; 102 S Ct 1673, 1683 (1982). "An official who 'confers a privileged status on any particular religious sect' or 'singles out a bona fide faith for disadvantageous treatment' violates the Establishment Clause." *Maye v Klee*, 915 F3d 1076, 1084 (6th Cir. 2019)(*quoting Cutter v. Wilkinson*, 544 U.S. 709, 724, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005)). To establish a claim under RLUIPA, Plaintiff must show "'that the relevant exercise of religion is grounded in a sincerely held religious belief' and 'that the Department's ... policy substantially burdened that exercise of religion.'" *Heid v Mohr*, No. 2:18-CV-311, 2019 WL 1024947, at *5 (S.D. Ohio, March 4, 2019)(*quoting Holt v. Hobbs*, 574 U.S. 352, 135 S.Ct. 853, 362, 190 L.Ed.2d 747 (2015).

Although it cannot be concluded that Plaintiff has no chance of success of merits of these claims, determination of this factor has been hampered by the deficiencies in her current complaint.

On September 20, 2019, Plaintiff filed a "Final Amended Complaint" which appears

to allege that during a parole stint, Gateway Defendants committed acts of religious and gender discrimination. *Id.* While the Court granted Plaintiff's later motion to amend her complaint on August 28, 2020, Plaintiff's newest amended complaint consists of a one-page "More Definite Statement" providing only a truncated summation of her First Amendment and RLUIPA claims against the Gateway and the MDOC Defendants. ECF No. 83, PageID.323. In assessing the claims, the courts consider only the controlling complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (*quoting Drake v. City of Detroit*, 2008 WL 482283 at *2 (6th Cir. 2008). As such, Plaintiff's previous complaints, including ones containing more factual detail, cannot be cobbled together to support her claims.

The caption of the most recent complaint lists "Defendant Gateway, *et al*" but does not include a list of the individual Defendants or their positions. At best, Plaintiff alleges that her previous parole was conditioned on participation in what she claims is religious-based counseling. The current complaint alleges that two of the Defendants required her to participate in substance abuse treatment but contains no allegation that either was aware that she would be required to engage in religious-based counseling. During her parole, Plaintiff claims that she was required to repeat unspecified "religious propaganda" in the AA meetings but does not identify the individual requiring her to repeat the "propaganda" other than "Gateway Foundation staff." Given that Plaintiff is now back in prison, her claim for

injunctive relief against individuals counseling her during her former parole is moot. *See Henderson v Martin*, 73 Fed Appx 115, 117 (6th Cir. August 4, 2003)("prisoner's claim for declaratory and injunctive relief . . . became moot once the prisoner was transferred from the prison of which he complained to a different facility").

Two other Defendants are named in the current complaint but their alleged misfeasance is not stated. The complaint does not name, much less state, how any of the other nine Defendants listed in the docket violated her rights under the First Amendment or RLUIPA. Based on the current complaint, Plaintiff is unable to show a likelihood of success on the merits.[2] *See Orum v Michigan Dept of Corr*, No. 2:16-CV-00109, 2019 WL 2076996, at *4 (W.D. Mich, April 8, 2019), report and recommendation adopted No. 2:16-CV-109, 2019 WL 2073955 (W.D. Mich, May 10, 2019)("Although Plaintiff may [forthwith] establish that a genuine issue of material fact exists regarding [RLUIPA claim], that is [a] different standard than establishing a strong likelihood of success on the merits of his claim").

---

[2]In granting Plaintiff's motion to amend her complaint on August 6, 2020, I wrote as follows:

> Plaintiff is cautioned that her claims will be limited to those set forth in the amended complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)(when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward); *See also B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008)("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'")(*quoting Drake v.City of Detroit*, 2008 WL 482283 at *2 (6th Cir. 2008)).

ECF No.79, PageID.318.

Regarding the second factor to be considered in ordering injunctive relief, I am mindful that "even minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief," *Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989). However again, because Plaintiff is now back in prison her claim for injunctive relief, even if adequately articulated against any of the Gateway Defendants, is moot. As to the allegations of physical danger now that she is back in prison, exhibits attached to Plaintiff's first motion for preliminary injunction show that she was moved to a different cell after reporting threats by her cell mate and as of August 9, 2019 and "was content" with her new living arrangement in another cell following a quarrel with her former roommate. ECF No. 24, PageID.71. Moreover, while Plaintiff alleges in the first motion for preliminary injunction that she was punched by another inmate, she provides no factual support for her theory that she was assaulted at the request of Defendants. ECF No. 24.

The last two factors also weigh against ordering injunctive relief.

> "[I]n the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights."

*Orum, supra*, at *4 (*citing Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)).

While the current complaint contains some elements of viable First Amendment and RLUIPA claims, Plaintiff has not shown that she is entitled to the extreme remedy of

injunctive relief.

## CONCLUSION

For these reasons, I recommend that the Plaintiff's motions for preliminary injunction [ECF Nos. 24, 30] be DENIED

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," *etc.*, and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

Date: September 23, 2020                              s/R. Steven Whalen
                                                     R. Steven Whalen
                                                     United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 23, 2020 electronically and/or by U.S. mail.

                                                     s/Carolyn M. Ciesla
                                                     Case Manager